**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
BALTIMORE DIVISION**

| | |
|---|---|
| SEDRIC CATCHINGS *et al.*, <br> Plaintiffs, <br> <br> v. <br> <br> CALVIN WILSON *et al.*, <br> Defendants. | \* <br> <br> \* <br> <br> \*   Case No.: 1:21-cv-00428-TSE <br> <br> \* <br> <br> \* |

### SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release is entered into by and between plaintiffs Sedric Catchings, Charles Couser, Collin Davis, Allen Lamin, Sirron Little, Taiwo Moultrie, Joseph Speed, Howard Thomas, individually and on behalf of the members of the proposed Settlement Class defined herein at ¶ A ("Plaintiffs"), on the one hand, and defendants Calvin Wilson, in his official capacity as Warden of the Chesapeake Detention Facility ("CDF"), and Robert L. Green, in his official capacity as Secretary of Public Safety and Correctional Services (hereinafter "Defendants"), on the other hand (collectively the "Parties").

### RECITALS

WHEREAS, a dispute arose between Plaintiffs and Defendants concerning the State of Maryland's response at CDF and the Health Monitoring Facility at the Jail Industries Building ("HMF") to the COVID-19 pandemic; and

WHEREAS, on February 20, 2021, Plaintiffs filed suit against Defendants in the United States District Court for the District of Maryland, *Sedric Catchings, et al. v. Calvin Wilson, et al.*, Civil Action No. 1:21-cv-00428-TSE (the "Lawsuit"); and

WHEREAS, Defendants deny any and all liability for the claims asserted by Plaintiffs; and

WHEREAS, to avoid the uncertainty and expense of further litigation, Plaintiffs and Defendants desire to resolve fully and finally all issues and disputes between them involving the matters alleged in the Lawsuit, without any admission of liability;

NOW, THEREFORE, in consideration of the foregoing recitals and for other good and valuable consideration as is more fully described below, Plaintiffs and Defendants agree as follows:

**AGREEMENT**

A.      This Agreement is entered into on behalf of Plaintiffs and all members of the proposed Settlement Class. The proposed Settlement Class is defined as follows: "All current and future detainees/residents at the Chesapeake Detention Facility and all current and future detainees/residents transferred from CDF to the Health Monitoring Facility at the Jail Industries Building, from the Effective Date of the Settlement Agreement to the Termination Date of the Settlement Agreement."

B.      The parties to this Settlement Agreement and Release ("Settlement Agreement") are the Plaintiffs and Defendants. Except for the parties released by this Settlement Agreement and for the members of the proposed Settlement Class, no other person or entity shall be deemed a third-party beneficiary of this Settlement Agreement.

C.      This Settlement Agreement applies to, is binding upon, and inures to the benefit of the Plaintiffs (and Plaintiffs' successors and assigns) and the Defendants (and their successors, assigns, and designees).

D.      This Settlement Agreement shall not constitute an admission or evidence of any fact, wrongdoing, misconduct, or liability on the part of any the Defendants, the State of Maryland, its employees or agents, or any other person affiliated with the State of Maryland or any of the Defendants.

E.      Each of the Parties represents that each has read this Settlement Agreement and acknowledges that each has been represented or had the opportunity to be represented by legal counsel of the Party's own choice throughout all the negotiations which preceded the execution of this Settlement Agreement and that each Party has executed this Settlement Agreement with the consent and on the advice of such legal counsel. Each of the Parties further acknowledges that each Party's counsel have had adequate opportunity to make whatever investigation or inquiry they may deem necessary or desirable in connection with the subject matter of this Settlement Agreement prior to the execution hereof and the delivery and acceptance of the considerations specified herein.  Neither this Settlement Agreement itself, nor any rights provided or obligations imposed thereunder, may be assigned by either Party to any third party without the other Party's express written consent.

F.      Each undersigned representative of the Parties to this Settlement Agreement certifies that he or she is fully authorized by the Party to enter into and execute the terms and conditions of this Settlement Agreement and to legally bind such Party to this Settlement Agreement.

G.      This Settlement Agreement is the entire agreement between the Plaintiffs and the Defendants in this case. This Settlement Agreement constitutes the complete, final, and entire understanding of the Parties hereto, and they shall not be bound by any terms, conditions, covenants, or representations not expressly herein contained.  Except as provided in Paragraph J of this Settlement Agreement, to the extent this Settlement Agreement references other documents, those documents are referenced for informational purposes only and are not thereby incorporated by reference into, and do not constitute a part of, this Settlement Agreement. All

prior conversations, meetings, discussions, drafts, and writings of any kind are specifically superseded by this Settlement Agreement.

H.  This Settlement Agreement shall be construed without regard to any presumption or other rule requiring construction against the party causing the agreement to be drafted.

I.  This Settlement Agreement may be executed in any number of counterpart originals, each of which shall be deemed to constitute an original agreement, and all of which shall constitute one agreement.  The execution of one counterpart by any Party shall have the same force and effect as if that Party had signed all other counterparts. Electronic and digitial signatures shall be deemed as effective as original signatures.

J.  Defendants' substantive obligations under this Settlement Agreement are set forth in the Terms Sheet, which has been signed by the Parties, and is incorporated into this Settlement Agreement as if fully set forth herein.

K.  The Effective Date of this Settlement Agreement shall be the date that it is signed by all parties.

L.  Plaintiffs acknowledge that no representation of fact or opinion has been made by Defendants to induce this compromise with respect to the extent or nature of any injuries or damages or as to the likelihood of future complications, or recovery therefrom, and that the consideration set forth herein is solely by way of compromise of the disputed claims, and to foreclose all possibility of any future claims based upon acts, errors or omissions which occurred prior to the date of this Settlement Agreement, whether known or unknown, and that in determining said consideration, there has been taken into consideration the fact that unexpected consequences may result, known or unknown, and it is therefore, specifically agreed that this Settlement Agreement shall be a complete bar to all claims or suits for declaratory or injunctive relief or attorneys' fees or costs (except as provided by ¶ T.1) relating to the matters that occurred prior to the date of this Settlement Agreement that were alleged, or that could have been alleged, in the Lawsuit, or that relate to the incident or incidents that occurred prior to the date of this Settlement Agreement giving rise to the Lawsuit

M.  This Agreement is governed by, and interpreted according to, the laws of the State of Maryland without regard to conflict of laws principles.

N.  This Settlement Agreement may not be modified or changed orally, but only by an agreement in writing signed by all parties.

O.  The Parties represent that prior to signing this Settlement Agreement, each has read it, understood its terms and conditions, consulted with counsel, and voluntarily signed it.

P.  Defendants will withdraw their opposition to Plaintiffs' motion for class certification within three days of the Effective Date. Plaintiffs shall file a consent motion for certification of the Settlement Class, for settlement purposes only, within three business days of the withdrawal. The parties consent to a Magistrate Judge presiding over any proceedings related

to class certification and class settlement. This Settlement Agreement is contingent on certification of the proposed Settlement Class.

Q. Within three business days of receipt of the later of the certification of the class and any other approval of class issues deemed necessary by the Court, Plaintiffs shall take all steps necessary to effectuate a dismissal of the Lawsuit. The dismissal shall be with prejudice, except as contemplated at ¶¶ R – T herein.

## DURATION AND ENFORCEMENT

R. This Settlement Agreement is not, and may not be construed as, a consent decree. To the contrary, this is a settlement agreement which the parties agree is a fair, reasonable and adequate resolution of this case.

S. This Agreement expires 180 days after the COVID-19 State of Emergency ends in the State of Maryland. The parties may negotiate earlier termination or extension of the Settlement Agreement, dependent upon such factors as the parties shall agree are relevant, such as the number of COVID-19 positive cases among staff, contracted staff, and detainees/residents pursuant to weekly facility-wide testing; the number of vaccinated staff, contracted staff, and detainees/residents; Defendants' history of compliance with this Agreement; research endorsed by the Centers for Disease and Prevention Control (CDC) on the duration of vaccines' efficacy and the efficacy of vaccines against strains or variants of COVID-19; and the emergence of other strains or variants or COVID-19.

T. The District Court for the Eastern District of Virginia, sitting as the District Court for the District of Maryland, shall retain jurisdiction over this action for purposes of enforcing this Agreement. The parties stipulate that this Agreement and Sections A.1-13 of the Terms Sheet satisfies 18 U.S.C. § 3626(a)(1)(A). The parties acknowledge that sections B.1 and B.2 of the Terms Sheet are intended solely to enable verification of Defendants' compliance, and may be enforced by the Court under this paragraph.

    1. The right to seek enforcement under this paragraph shall expire 180 days after the COVID-19 State of Emergency ends in the State of Maryland. In any action to enforce the Settlement Agreement under this paragraph, Plaintiffs shall not be entitled to any damages, attorneys' fees, or costs that exceed that permitted under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(d).

    2. Failure by any Party to enforce or seek to enforce this Settlement Agreement or any provision thereof or any other obligation to be performed hereunder shall not be construed as a waiver of that Party's right to enforce or seek to enforce other obligations of this Settlement Agreement as permitted by law.

    3. Prior to taking any action to enforce the terms of this Settlement Agreement, counsel for Plaintiffs shall notify counsel for Defendants of the alleged non-compliance in writing and give Defendants 3 days to investigate and cure the alleged breach.

**RELEASE**

U.	Claims to be settled are the following: All claims and liabilities of any kind which Plaintiffs or Defendants had, have, or may have for declaratory or injunctive relief or for attorneys' fees and costs (except for those related to enforcement as this Agreement, as described above at ¶ T.1), that arise from or relate to a factual predicate of the Lawsuit including any complaint or pleading therein (hereinafter "Settled Claims"); provided, however, that Settled Claims shall not include claims relating to the enforcement of this Agreement.

V.	Upon approval of the Settlement Agreement, in full and final settlement of the Plaintiffs' claims, the Parties agree that the following release of claims shall become effective:

> Each of the Plaintiffs, being of lawful age, for himself or herself and any claiming through him or her, his or her heirs, executors, administrators and assigns, do hereby release, acquit and forever discharge the Defendants and the State of Maryland, as well as their respective successors and assigns, departments, divisions, units, current and former officials, current and former officers, current and former agents, current and former servants, current and former representatives, current and former employees and current and former independent contractors and any and all other persons, associations, corporations and government entities, whether or not named herein or referenced, who together with the Defendants may be jointly or severally liable to the Plaintiffs (the "Releasees"), from all claims, demands, actions, causes of action, suits, losses, attorneys' fees and expenses of each and every kind, type or nature whatsoever related to declaratory or injunctive relief or for attorneys' fees and costs (except for those related to enforcement as this Agreement, as described above at ¶ T.1), whether known or unknown, raised in the Lawsuit regarding matters that occurred prior to the date of the Settlement Agreement, which could have been raised in the Lawsuit regarding matters that occurred prior to the date of the Settlement Agreement, or which relate in any way to the matters alleged that occurred prior to the date of this Settlement Agreement in the Lawsuit.

IN WITNESS WHEREOF, the Parties hereto knowingly, voluntarily and with full authority, execute this Settlement Agreement as of the date(s) set forth below.

ON BEHALF OF PLAINTIFFS (1 of 2):

_/s/ Alec W. Farr_____        _April 15, 2021_____
Alec Farr                                                                                  Date
Brett Orren
Daniel Schwartz
Adam Shaw
Joscelyn Solomon

BRYAN CAVE LEIGHTON PAISNER

ON BEHALF OF PLAINTIFFS (2 of 2):

*/s/ John R. Fowler*                        April 15, 2021

Arthur Ago                                        Date
John Fowler
Tianna Mays
Rochelle Swartz

LAWYERS' COMMITTEE FOR CIVIL RIGHTS UNDER LAW

FOR DEFENDANTS (1 of 2):

_____     4/15/21

Robert L. Green                                           Date
Secretary of Public Safety and
Correctional Services

FOR DEFENDANTS (2 of 2):

_____        _____4/15/2021_____
Calvin Wilson                         Date
Warden, Chesapeake Detention Facility

Approved for legal sufficiency:

Stuart M. Nathan
Principal Counsel and Assistant Attorney General
Attorney for Defendants

Approved by Chief of Litigation:

_____

Julia Doyle Bernhardt
Assistant Attorney General
Chief of Litigation
Office of the Attorney General of Maryland

11