**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| SEDRIC CATCHINGS *et al.*, | * | |
| Plaintiffs, | | |
| | * | |
| v. | | Case No.: 1:21-cv-00428-TSE |
| | * | |
| CALVIN WILSON *et al.*, | | |
| Defendants. | * | |

**<u>PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR CONSENT MOTION FOR CLASS CERTIFICATION FOR SETTLEMENT PURPOSES</u>**

## TABLE OF CONTENTS

Page

INTRODUCTION ................................................................................................................. 1

CLASS DEFINITION .......................................................................................................... 2

BACKGROUND ................................................................................................................... 2

ARGUMENT ......................................................................................................................... 3

I.    Certification for Settlement Purposes is Appropriate. ................................................ 3

II.   The Proposed Settlement Class Satisfies Rule 23(a). ................................................ 5

III.  Plaintiffs Satisfy Rule 23(b). ...................................................................................... 7

IV.   Notice and a Fairness Hearing Are Not Required for Certification or Settlement. ........... 8

CONCLUSION ..................................................................................................................... 9

CERTIFICATE OF SERVICE ............................................................................................ 11

# TABLE OF AUTHORITIES

Page(s)

Cases

*Amchem Prods., Inc. v. Windsor,*
   521 U.S. 591 (1997).................................................................................................3, 4

*Berry v. Schulman,*
   807 F.3d 600 (4th Cir. 2015) ......................................................................................8

*Boyd v. Coventry Health Care Inc.,*
   299 F.R.D. 451 (D. Md. 2014)....................................................................................4

*Brady v. Thurston Motor Lines,*
   726 F.2d 136 (4th Cir. 1984) ......................................................................................5

*Coreas v. Bounds,*
   Civil Action No. TDC-20-0780, 2020 WL 5593338 (D. Md. Sept. 18, 2020).........6

*Cypress v. Newport News Gen. & Nonsectarian Hosp. Ass'n.,*
   375 F.2d 648 (4th Cir. 1967)) .....................................................................................5

*Eisen v. Carlisle & Jacquelin,*
   417 U.S. 156 (1974)....................................................................................................4

*Gen. Tel. Co. of Sw. v. Falcon,*
   457 U.S. 147 (1982)................................................................................................6, 7

*Gratz v. Bollinger,*
   539 U.S. 244 (2003)....................................................................................................5

*Hagan v. Rogers,*
   570 F.3d 146 (3d Cir. 2009)........................................................................................7

*Henderson v. Acxiom Risk Mitigation, Inc.,*
   No. 3:12CV589-REP, 2015 WL 4608265 (E.D. Va. Apr. 21, 2015) ........................4

*Hutton v. Nat'l Bd. of Exam'rs in Optometry, Inc.,*
   No. CV JKB-16-3025, 2019 WL 3183651 (D. Md. July 15, 2019) ..........................4

*Int'l Woodworkers of Am., AFL-CIO, CLC v. Chesapeake Bay Plywood Corp.,*
   659 F.2d 1259 (4th Cir. 1981) ....................................................................................6

*Marcera v. Chinlund,*
   595 F.2d 1231 (2d Cir. 1979), *vacated on other grounds, Lombard v.*
   *Marcera,* 442 U.S. 915 (1979)..................................................................................7

*Marisol A. v. Guiliani,*
    126 F.3d 372 (2d Cir. 1997)..................................................................5

*In re Beef Indus. Antitrust Litig.,*
    607 F.2d 167 (5th Cir. 1979) ..............................................................4

*In re NeuStar, Inc. Sec. Litig.,*
    No. 1:14CV885 JCC/TRJ, 2015 WL 5674798, at *2 (E.D. Va. Sept. 23, 2015) ....................4

*In re Prudential Sec. Inc., Ltd. P'ships Litig.,*
    163 F.R.D. 200 (S.D.N.Y. 1995) ..........................................................4

*Rodger v. Elec. Data Sys. Corp.,*
    160 F.R.D. 532 (E.D.N.C. 1995) ..........................................................5

*Thorn v. Jefferson-Pilot Life Ins. Co.,*
    445 F.3d 311 (4th Cir. 2006) ..............................................................8

*Wal-Mart Stores, Inc. v. Dukes,*
    564 U.S. 338 (2011)..........................................................................6

*Weinberger v. Kendrick,*
    698 F.2d 61 (2d Cir. 1982)..................................................................3

## INTRODUCTION

After weeks of negotiation, a day-long settlement conference with Magistrate Judge Michael S. Nachmanoff on April 5, execution of a Memorandum of Understanding in anticipation of settlement on April 6, a follow-up phone mediation with Judge Nachmanoff on April 13, and an additional day of negotiation between the parties, the parties reached a Settlement Agreement. ECF Nos. 70-1 to 70-2 (Settlement Agreement and incorporated Terms Sheet) (collectively, "the Agreement"). The Agreement does not require the transfer of residents out of Defendants' facilities, nor does it require the release of any residents from Defendants' facilities. Instead, the Agreement requires compliance with certain measures to ensure the health and safety of residents while in Defendants' custody.

In order to ensure continued standing to require and enforce compliance with the Agreement, the Plaintiffs move the Court—with Defendants' consent—to recognize and grant certification of the Settlement Class.[1] The Settlement Class would replace the two classes (pre-trial and post-trial detainees) and the sub-class (high risk detainees) originally proposed in the Complaint (ECF No. 1), since it is intended to ensure the Court's ability to enforce the Agreement even if the named Plaintiffs are no longer held at the Chesapeake Detention Facility (CDF). Thus, the Settlement Class would include all current and future residents at the CDF and all current and future residents transferred from CDF to the Health Monitoring Facility at the Jail Industries Building (HMF), from the Effective Date of the Agreement through the Termination Date of the Agreement. Plaintiffs now move this Court to certify the proposed Settlement Class.[2]

---

[1] Defendants have also withdrawn their opposition to class certification, consistent with the Settlement Agreement. ECF No. 72.

[2] Pursuant to the Settlement Agreement, the parties consented to the jurisdiction of a Magistrate Judge for certain proceedings after the signing of the Agreement. ECF No. 70-1 ¶ P.

The Settlement Class proposed here is for settlement purposes only.  If the Court certifies the Settlement Class, Plaintiffs will file a consent motion to dismiss the Complaint and all claims alleged therein for the Court's approval, with a request that the Court retain jurisdiction for enforcement.

The parties believe that the instant motion, as well as the anticipated consent motion to dismiss, may be resolved without a hearing. Accordingly, the parties have not noticed a hearing for either.

## CLASS DEFINITION

The proposed Settlement Class is defined in the Settlement Agreement as follows: "All current and future detainees/residents[3] at the Chesapeake Detention Facility and all current and future detainees/residents transferred from CDF to the Health Monitoring Facility at the Jail Industries Building, from the Effective Date of the Settlement Agreement to the Termination Date of the Settlement Agreement." ECF No. 70-1 ¶ A.

## BACKGROUND

Plaintiffs filed their Motion for Class Certification on February 22, 2021. ECF No. 19. In response to the Court's questions about the need for classes and a subclass, Plaintiffs filed their Supplemental Memorandum on March 24, 2021. ECF No. 56. Defendants filed their Opposition on April 2, 2021. ECF No. 62.

The parties entered into the Agreement on April 13, 2021. ECF Nos. 70-1 to 70-2. Pursuant to the terms of the Agreement, Defendants withdrew their Opposition on April 15, 2021. ECF No. 72.

---

[3] This filing, the Settlement Agreement, and the Terms Sheet refer to all individuals in custody at CDF and HMF as "detainees," "residents," and "detainees/residents." These terms all refer to the same individuals and are not intended to have any different meaning.

**ARGUMENT**

Certification of the Settlement Class enables the implementation and enforcement of the Agreement. In order to avoid taking the Court's time by repeating arguments already made, Plaintiffs adopt the arguments previously advanced in support of their request to certify the previously proposed Pretrial Class and Post-Conviction Class, which are subsumed together in the Settlement Class proposed here (except for any arguments supporting separate classes or a subclass). *See generally* ECF Nos. 19-1 & 56; *see also* ECF No. 19-1 at 2 (outlining the two classes previously proposed). Plaintiffs also no longer seek the certification of a subclass, in light of the terms of the Agreement.  The classes and subclass advocated in the Complaint (ECF No. 1) were based on different forms of relief that could have been appropriate after full litigation of the issues raised by the Complaint.  Now that the parties have agreed to a scope of relief for all residents of CDF and all residents transferred from CDF to HMF, it is no longer necessary to divide the residents into the classes and subclass proposed in Plaintiffs' earlier submissions regarding class certification.

Accordingly, Plaintiffs briefly summarize the argument they previously made, as it applies to the proposed Settlement Class, with additional case law regarding certification of a class for settlement purposes. Plaintiffs submit that neither notice to putative class members nor a fairness hearing is required, in light of the nature of the class (under Rule 23(b)(2)) and in light of the parameters of the Agreement.

## I. Certification for Settlement Purposes is Appropriate.

The Supreme Court has expressly approved the propriety of certifying a class solely for purposes of a class action settlement. *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 618 (1997) ("[T]he 'settlement only' class has become a stock device."). Federal courts across the country, including this Court, regularly certify classes for settlement purposes. *See*, *e.g.*, *Weinberger v.*

*Kendrick*, 698 F.2d 61, 72-73 (2d Cir. 1982) ("[M]ost courts have . . . authorized the parties to seek to compromise their differences, including class action issues . . ." (internal citations omitted)); *In re NeuStar, Inc. Sec. Litig.*, No. 1:14CV885 JCC/TRJ, 2015 WL 5674798, at *2 (E.D. Va. Sept. 23, 2015) ("Even before a court has certified a class, . . . plaintiffs may seek to give effect to [a] settlement through a settlement-only class."); *Henderson v. Acxiom Risk Mitigation, Inc.*, No. 3:12CV589-REP, 2015 WL 4608265, at *1 (E.D. Va. Apr. 21, 2015) (approving a settlement-only class); *Hutton v. Nat'l Bd. of Exam'rs in Optometry, Inc.*, No. CV JKB-16-3025, 2019 WL 3183651, at *3 (D. Md. July 15, 2019) (same); *Boyd v. Coventry Health Care Inc.*, 299 F.R.D. 451, 457-59 (D. Md. 2014) (same). Certification of a settlement class "has been recognized throughout the country as the best, most practical way to effectuate settlements involving large numbers of claims by relatively small claimants." *In re Prudential Sec. Inc., Ltd. P'ships Litig.*, 163 F.R.D. 200, 205 (S.D.N.Y. 1995). "[S]ettlement classes are favored when there is little or no likelihood of abuse, and the settlement is fair and reasonable and under the scrutiny of the trial judge." *Id.* (citing *In re Beef Indus. Antitrust Litig.*, 607 F.2d 167, 174 (5th Cir. 1979)).

"Confronted with a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems, . . . for the proposal is that there be no trial." *Amchem*, 521 U.S. at 620.

Thus, "[i]n determining the propriety of a class action, the question is not whether the plaintiff or plaintiffs have stated a cause of action or will prevail on the merits, but rather whether the requirements of Rule 23 are met." *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 178 (1974) (internal quotations and citations omitted). Similarly, the relevant inquiry for class certification for settlement purposes is not whether plaintiffs are likely to prevail on the merits of their claims, given that the parties have agreed to resolve those claims, but rather, whether the requirements of

Rule 23 are met. In applying Rule 23, courts are to use a liberal, not restrictive, construction of the requirements. *Marisol A. v. Guiliani,* 126 F.3d 372, 377 (2d Cir. 1997).

Finally, class certification is particularly favored when, as here, the named plaintiffs assert civil rights claims that are transitory in nature, such that mootness concerns would make it difficult or impossible for individuals to litigate the issues outside of the class context. *See Gratz v. Bollinger*, 539 U.S. 244, 268 (2003) (noting that class-action treatment was "particularly important" in a case where the claims of the individual plaintiffs ran "the risk of becoming moot" because "[t]he class action vehicle . . . provides a mechanism for ensuring that a justiciable claim is before the Court"). Relevant here, ensuring that the benefits of the Agreement flow to other residents of CDF is made possible through class certification, even if named Plaintiffs leave CDF or HMF.

## II.     The Proposed Settlement Class Satisfies Rule 23(a).

As described in Plaintiffs' earlier filings on this question, Plaintiffs satisfy the four requirements of Rule 23(a): (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy of representation. *See generally* ECF Nos. 19-1 & 56. The question before the Court is even clearer than those raised in these previous filings, as the proposal here is *one* Settlement Class:  all residents of CDF and all residents transferred from CDF to HMF.

First, as to numerosity, CDF has the capacity to house 500 residents, with approximately 400 residents currently housed there. In this situation, joinder is impracticable. *See Brady v. Thurston Motor Lines*, 726 F.2d 136, 145 (4th Cir. 1984) ("No specified number is needed to maintain a class action." (citing *Cypress v. Newport News Gen. & Nonsectarian Hosp. Ass'n.*, 375 F.2d 648, 653 (4th Cir. 1967)); *Rodger v. Elec. Data Sys. Corp.*, 160 F.R.D. 532, 535 (E.D.N.C. 1995) ("[A] class of as few as twenty-five to thirty members raises a presumption that joinder would be impracticable."). *See also* ECF No. 19-1 at 9-10.

5

Second, as to commonality, the Settlement Class shares multiple questions of fact and law, particularly when the Agreement implements conditions that protect the health and safety of *all* residents through, for example, increased sanitation, provision of cleaning supplies, provision of masks, implementation of evidence-based policies, and offering vaccination to all residents. The Defendants' willingness to address these concerns by taking the actions delineated in the Agreement has led to the negotiated resolution here. *See Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011) (common issues will "generate common *answers* apt to drive the resolution of the litigation" (emphasis original) (citation and quotation marks omitted)). *See also*, *e.g.*, *Coreas v. Bounds*, Civil Action No. TDC-20-0780, 2020 WL 5593338, at *7, *13 (D. Md. Sept. 18, 2020) (granting certification of class in immigration-detention challenge, noting that "numerous federal courts across the nation have certified, provisionally or otherwise, class actions brought by immigration detainees through habeas petitions during the ongoing COVID-19 pandemic" (collecting cases); noting that "[t]he claims do not have to be factually or legally identical" (citing *Broussard v. Meineke Discount Muffler Shops, Inc.*, 155 F.3d 331, 344 (4th Cir. 1998)). *See also* ECF No. 19-1 at 10-14.[4]

Third, as to typicality, the Plaintiffs' claims, as embodied in the resolution in the Agreement, are typical of the Settlement Class. Typicality tends to merge with commonality, as it does here. "Both serve as guideposts for determining whether under the particular circumstances maintenance of a class action is economical and whether the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence." *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 158, n.13 (1982). *See Int'l Woodworkers of Am., AFL-CIO, CLC v. Chesapeake Bay Plywood Corp.*, 659 F.2d 1259,

---

[4] The absence of a subclass seeking habeas release further simplifies this inquiry from the one that the Plaintiffs previously raised before the Court.

1269 (4th Cir. 1981) (injuries need not be identical across class members); *Hagan v. Rogers*, 570 F.3d 146, 158 (3d Cir. 2009) (noting that a class met the typicality requirement despite some inmates suffering life-threatening injuries and some suffering no injuries at all because "the treatment received by different members of the class [can] vary"). *See also* ECF No. 19-1 at 14-15.

Fourth, as to adequacy of representation, Plaintiffs fairly and adequately protect the interests of the Settlement Class. Commonality and typicality "also tend to merge with the adequacy-of-representation requirement, although the latter requirement also raises concerns about the competency of class counsel and conflicts of interest." *Falcon*, 457 U.S. at 158, n.13. Proposed class counsel are competent attorneys capable of representation the interests of the Settlement Class. ECF No. 19-2 (declaration explaining experience of proposed class counsel). Meanwhile, the relief reflected in the Settlement Agreement implements health and safety measures that benefit the entire resident population. *See also* ECF No. 19-1 at 15-16.

## III.    Plaintiffs Satisfy Rule 23(b).

Plaintiffs seek certification of the Settlement Class pursuant to Rule 23(b). This provision of Rule 23 permits certification in a case in which defendants are alleged to have "acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). Courts have repeatedly held that civil-rights class actions are the paradigmatic Rule 23(b)(2) suits, "for they seek class[-]wide structural relief that would clearly redound equally to the benefit of each class member." *Marcera v. Chinlund*, 595 F.2d 1231, 1240 (2d Cir. 1979), *vacated on other grounds*, *Lombard v. Marcera*, 442 U.S. 915 (1979). *See also* A. Conte & H. Newberg, Newberg on Class Actions § 25.20 (4th ed. 2002) ("Rule 23(b)(2) was drafted specifically to facilitate relief in civil rights suits. Most class actions in the constitutional and civil rights areas seek primarily

declaratory and injunctive relief on behalf of the class and therefore readily satisfy Rule 23(b)(2) class action criteria."). *See also* ECF No. 19-1 at 17-18.

Here, the Settlement Agreement provides for the performance of certain conditions that are analogous to injunctive relief for the purpose of class certification. Accordingly, Rule 23(b) is easily satisfied.

## IV. Notice and a Fairness Hearing Are Not Required for Certification or Settlement.

Plaintiffs request the Court to certify the Settlement Class without notice or a fairness hearing, in light of the nature of the proposed class and the parameters of the Agreement. If the Court agrees, the Plaintiff will file a consent motion to dismiss for the Court's approval, with a request that the Court retain jurisdiction for enforcement purposes after the Court certifies the class.

Before the Court is a proposal for a class under Rule 23(b)(2), which relates to declaratory and injunctive relief. Plaintiffs never sought damages; the Settlement Agreement does not provide for damages.[5] *See generally* ECF No. 70-1. The Agreement binds Plaintiffs, extinguishing their claims, while providing benefits to them and the proposed Settlement Class. *Id*. ¶¶ A, B, C, L, U, and V.

"Unlike Rule 23(b)(3), Rule 23(b)(2) neither requires that absent class members be given notice of class certification nor allows class members the opportunity to opt-out of the class action." *Thorn v. Jefferson-Pilot Life Ins. Co.*, 445 F.3d 311, 330 n.25 (4th Cir. 2006) (analyzing Rule 23(c)(2)(A)). "[O]pt-out rights for class members are deemed unnecessary and are not provided under [Rule 23(b)(2)]." *Berry v. Schulman*, 807 F.3d 600, 609 (4th Cir. 2015) (internal citation and quotation marks omitted).

---

[5] Plaintiffs also waived attorneys' fees and costs as part of the Settlement Agreement, except for those related to enforcement. ECF No. 70-1 ¶¶ L, T.1, U, V.

Unlike class action resolutions that require notice, the proposed class members here do not take on obligations. The Agreement provides benefits that flow to all residents of Defendants' facilities. This is in the form of injunctive relief, not damages. Accordingly, neither Rule 23(b)(2), Rule 23(c)(2)(A), nor Rule 23(e)[6] require notice to the members of the Settlement Class or a fairness determination.[7]

Plaintiffs therefore ask the Court to certify the Settlement Class. The parties will also ask that the Court grant the Plaintiffs' anticipated consent motion to dismiss, approving the Settlement Agreement and retaining jurisdiction for enforcement

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court certify the Settlement Class as defined in this Consent Motion and appoint the undersigned as class counsel. A proposed Order is attached.

---

[6] Defendants consent to the arguments throughout this brief. Plaintiffs make one additional argument, on which Plaintiffs do not have Defendants' consent. In Plaintiffs' view, class members are not bound by the Settlement Agreement, and their claims are not extinguished; rather, in Plaintiffs' view, only named Plaintiffs' claims are extinguished. ECF No. 70-1 ¶¶ A, B, C, L, U, and V. *See* Fed. R. Civ. P. 23(e)(1)(B) (applicable when class members will be "bound by the proposal"), 23(e)(2) (applicable when "the proposal would bind class members."). In Defendants' view, Plaintiffs *and* class members are bound by the Agreement, and the claims of both Plaintiffs and class members are extinguished.

[7] Regardless, the parties agree that the Settlement Agreement is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). Class representatives and Plaintiffs' counsel have adequately represented the class, negotiating a resolution that provides immediate protection for all residents without the delay of a trial. *Id.* (A). The Settlement Agreement was negotiated over several weeks, at arm's length, with the substantial assistance of Judge Nachmanoff. *Id.* (B). The relief provided for the class protects residents of Defendants' facilities on an *immediate* basis. This eliminates the need for an extensive discovery process or evidentiary hearings, the delay in potential relief, the cost of litigation, and the litigation risk to both parties at trial and on appeal. As mentioned *supra*, Plaintiffs have waived attorneys' fees and costs, too, except for potential enforcement. *Id.* (C)(i)-(iii). The Settlement Agreement and Terms Sheet provide these protections for the proposed class, *id.* (C)(iv), which provides protections for all residents and ensures that steps are taken to reduce the risk of COVID spread and infection for all residents, including those most vulnerable to COVID, *id.* (D).

Dated: April 20, 2021                    Respectfully submitted,

                                        */s/ Alec W. Farr*
                                        By: Alec W. Farr (Federal Bar No. 12513)
                                        awfarr@bclplaw.com
                                        Daniel C. Schwartz (admitted *pro hac vice*)
                                        dcschwartz@bclplaw.com
                                        Adam L. Shaw (Federal Bar No. 815187)
                                        adam.shaw@bclplaw.com
                                        Joscelyn T. Solomon (Federal Bar No. 21555)
                                        joscelyn.solomon@bclplaw.com
                                        Brett R. Orren (Federal Bar No. 21747)
                                        brett.orren@bclplaw.com
                                        BRYAN CAVE LEIGHTON PAISNER LLP
                                        1155 F Street, NW
                                        Washington, DC 20004
                                        (202) 508-6000 Phone
                                        (202) 508-6200 Facsimile

                                        Tianna Mays (Bar No. 21597)
                                        tmays@lawyerscommittee.org
                                        Jon Greenbaum (admitted *pro hac vice*)
                                        jgreenbaum@lawyerscommittee.org
                                        Arthur Ago (admitted *pro hac vice*)
                                        aago@lawyerscommittee.org
                                        John Fowler (admitted *pro hac vice*)
                                        jfowler@lawyerscommittee.org
                                        Rochelle F. Swartz (admitted *pro hac vice*)
                                        rswartz@lawyerscommittee.org

                                        LAWYERS' COMMITTEE FOR CIVIL RIGHTS
                                        UNDER LAW
                                        1500 K Street NW Suite 900
                                        Washington, DC 20005
                                        Phone 202-662-8600
                                        Fax 202-783-0857

                                        *Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I, Adam L. Shaw, an attorney, hereby certify that on April 20, 2021, the foregoing was filed using the Court's CM/ECF system. I further certify that I, or another one of Plaintiffs' attorneys, will promptly serve a copy of the same on the Attorney General of the State of Maryland or his representative via email at the addresses below.

Brian E. Frosh
Maryland Attorney General
200 St. Paul Place
Baltimore, MD 21202
civil_service@oag.state.md.us

Laura Mullally
Assistant Attorney General
Department of Public Safety and Correctional Services
300 East Joppa Road, Suite 1000
Towson, MD  21286
laura.mullally@maryland.gov

*Counsel for Defendants*

*/s/ Adam L. Shaw*
Adam L. Shaw